## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KAREN CAITO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-CV-1727 SRW |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Karen Caito's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 30. On February 22, 2022, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney's fees in the amount of Five Thousand, Seven Hundred and Twenty Dollars and Thirty-Four Cents ($5,720.34). This amount is based on 26.1 hours of attorney work at $219.17 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00, plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). Plaintiff further requests the award of attorney's fees be made payable to Jennifer Van Fossan based upon the Assignment of EAJA Fee agreement. *See* ECF No. 31-3.

The Commissioner filed a response which states, "After discussions with Plaintiff's counsel, Plaintiff and Defendant have agreed to an award of EAJA fees and expenses in the amount of $5,671.45." ECF No. 34. The Commissioner requests the EAJA fee to be payable to Plaintiff as the litigant, which may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States. *Id*.

Plaintiff filed a reply indicating she has "no objection to Defendant's Response to Plaintiff's Motion for EAJA fees." ECF No. 34. Plaintiff explains that counsel "agreed to a reduced fee based upon the hourly EAJA rate average in each year work was performed rather than the rate for the year in which the bulk of the work was performed." *Id.*

The Court has reviewed Plaintiff's Petition for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated February 22, 2022, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 28, 29. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). However, the hourly rate should be increased where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 31-2. The Court agrees with Plaintiff that a cost-of-living increase is appropriate.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds she is entitled to attorney's fees in the amount of Five Thousand, Six Hundred and

Seventy-One Dollars and Forty-Five Cents ($5,671.45). Despite Plaintiff's request for the Court to make the fee payable directly to Jennifer Van Fossan, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Karen Caito's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 30] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access to Justice Act in the amount of Five Thousand, Six Hundred and Seventy-One Dollars and Forty-Five Cents ($5,671.45).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Karen Caito, subject to any pre-existing debt which the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel at Jennifer M. Van Fossan, Dennis W. Fox and Associates, 211 N. Broadway, Suite 2400, St. Louis, Missouri 63102.

So Ordered this 8th day of July, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE